IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONNA K. HILTON,<br><br>　　　　　Plaintiff,<br>v.<br><br>STEVE MCCRAW, DIRECTOR OF TEXAS DEPARTMENT OF PUBLIC SAFETY; ROBERT PETTY, INDIVIDUALLY; CHARLES ANTHONY RICHARDSON, INDIVIDUALLY; PORTER WILSON, IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF EMPLOYEES RETIREMENT SYSTEM OF TEXAS; AND OTHER PERSONS WHOSE IDENTITIES ARE PRESENTLY UNKNOWN,<br><br>　　　　　Defendants. | Civil Action No. _____<br><br>**Jury** |

# Plaintiff Donna K. Hilton's Original Complaint and Jury Demand

Donna K. Hilton, Plaintiff, complains of Steve McCraw, Director of Texas Department of Public Safety; Robert Earl Petty, individually; Charles Anthony Richardson, individually; Porter Wilson, Executive Director of Employees Retirement System of Texas; and other persons whose identities are unknown.

**Plaintiff's Original Complaint and Jury Demand**　　　　　　　　　　　　Page 1 of 16

# Table of Contents

Plaintiff Donna K. Hilton's Original Complaint and Jury Demand. . . . . . . . . . . . . 1

    Table of Contents.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Nature of This Case.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Venue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    Donna Hilton's Claims Against the Defendants.. . . . . . . . . . . . . . . . . . . . . . . 11

        Substantive Due Process Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        Procedural Due Process Claims.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    Remedies.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    Jury Demand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## Nature of This Case

1. This is a civil action for money damages, declaratory, and equitable relief. The Plaintiff was denied rights guaranteed to her by the United States Constitution and the Texas Constitution. Defendants have failed in their constitutional and statutory duties to protect the rights of the Plaintiff. Individual Defendants have committed acts under color of law that deprived the Plaintiff of constitutionally protected rights. Because of the acts and omissions of the Defendants alleged in this complaint, the Plaintiff has been deprived of a property interest and denied due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article 1, Section 19 and Article 16 Section 15 of the Texas Constitution.

## Jurisdiction

2. Donna invokes Texas Civil Practice & Remedies Code § 104.001, *et seq.*, which provide for indemnification of individuals sued for their wrongful acts done in the scope and course of their employment with a state agency.

3. Jurisdiction exists by reasons of the Fourteenth Amendment to the United States Constitution and by virtue of 28 U.S.C. § 1331, 1343(a)(3), 1343(a)(4), and 2201. The Plaintiff's claims arise under the United States Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1988. Plaintiff's claims against individual Defendants arise under the

Constitution and laws of the State of Texas and are properly before this Court through the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

## Venue

4. The acts and omissions complained of occurred at offices of the Texas Department of Public Safety (TDPS) in Houston, Harris County, Texas, and at least one of the individual Defendants resides in Harris County, Texas. Harris County is in the Southern District of Texas. Venue is proper in this court.

## Plaintiff

5. Plaintiff, Donna K. Hilton, is a citizen and resident of the United States and the State of Texas, and is over the age of eighteen (18) years.

## Defendants

7. Defendant, Steve McCraw, Director of the TDPS, may be served with process by delivery of summons and copy of this Complaint to him or his authorized agent at TDPS headquarters, 5805 North Lamar Blvd., Austin, Texas 78752. Defendant McCraw is sued in his official capacity for declaratory and equitable relief under *Ex Parte Young*, 209 U. S. 123 (1906).

6. Defendant, Robert Earl Petty was an employee of TDPS, and is a citizen of the United States and the State of Texas, resident Harris County, Texas, and is over the

**Plaintiff's Original Complaint and Jury Demand**  Page 4 of 16

age of eighteen (18) years. At all relevant times, Defendant Petty was acting under color and usage of state law. Defendant Petty is sued in his individual capacity. He may be served with summons and this Complaint at 8735 Dogwood Drive, Tomball, Texas 77375, or at any place where he may be found.

7.  Defendant Charles Anthony Richardson, an employee of TDPS, is a citizen of the United States and the State of Texas and is over the age of eighteen (18) years. At all relevant times, Defendant Richardson was acting under color and usage of state law. Defendant Richardson is sued in his individual capacity. He may be served with summons and this Complaint at 250 Colorado Street, Van, Texas 75790, or at any place where he may be found.

8.  Defendant Porter Wilson, Executive Director of Employees Retirement System of Texas, may be served with summons and this Complaint by delivery of citation to him or his agent for service at his office at 200 E. 18th Street, Austin, Texas 78711-3207. Defendant Wilson is sued in his official capacity for declaratory and equitable relief under *Ex Parte Young*, 209 U. S. 123 (1906).

## Introduction

9.  During the times relevant to this action, each individual Defendant, separately or in a conspiracy or in concert with one or more of other Defendants, and persons

unknown, acted under color and pretense of law to wit: Under color of the statutes, ordinances, regulations, customs, and usages of the State of Texas and the Texas Department of Public Safety, an agency of the state, each Defendant, separately or in concert and conspiracy with one or more of the other Defendants, engaged in the illegal conduct which resulted in the damages suffered by the Plaintiff, and each Defendant deprived Plaintiff of rights secured to her by the Texas Constitution and protected by the Fourteenth Amendment to the United States Constitution.

10. One or more of the individual Defendants could have prevented or at least modified the illegal actions carried out by the other Defendants but each chose not to take any remedial action to prevent the constitutional and other unlawful deprivations visited upon the Plaintiff.

## Facts

11.     This suit is timely brought because the Plaintiff did not discover, nor reasonably could have discovered, the wrongful acts complained of until on or about June 2014.

12.     Gary Joyce Hilton was a long-term employee of the State of Texas, first with the Texas Department of Corrections (now styled Department of Criminal Justice), and as a law enforcement officer with the TDPS. Gary married Donna K.

Hilton in 1972 and the couple remained married until his death. Gary retired from TDPS at age 50 on August 31, 1998. He died on May 22, 2013.

13. Gary and Donna were married substantially the entire time he was employed by the State of Texas and the entire time he was an employee of TDPS. Under the Texas Constitution, statutes, and common law, Donna had a community property interest in Gary's earnings and benefits of employment, including his retirement pension. They had been married for more than 12 months prior to his retirement.

14. Gary's retirement plan was administered by the Employee Retirement System of Texas (ERS). Prior to his retirement a Retirement Plan Selection was prepared by ERS. A true copy of the Plan Selection on file with ERS is attached to this complaint as Exhibit A. The Plan Selection contained a "Standard" option, and five alternative options. The Standard option provided for an annuity payable throughout Gary's lifetime that would terminate at his death. The other options provided for continued payments under certain conditions, to his beneficiary for her life or other periods. Gary designated Donna as his beneficiary.

15. ERS rules require that if the retiree is married for 12 months or more at the time of retirement, his spouse must consent to the retirement plan and beneficiary

selection. The selection is made by a "check the box" method. The Plan Selection on file with ERS indicates that the Standard plan is the one selected. The form bears a signature purporting to be that of "Donna Kay Hilton" and a "Notary Public Certification" by one Rita Monk, a notary public commissioned by the State of Texas, and, at the time of Gary's retirement, was employed by TDPS at one of its offices in Houston, Harris County, Texas.

16.  When annuity payments ceased subsequent to Gary's death in May 2013, Donna made inquiry to ERS to ascertain the reason for the cessation. ERS informed her that the plan selection made by Gary, and purportedly agreed to by her, upon his retirement in 1998 was the Standard option, and annuity payments ceased as of the date and time of his death. Unaware that should be the case, Donna requested a copy of the Plan Selection. Upon receipt of the copy on or about June 1, 2014, Donna examined it and immediately knew the signature on the Selection Form was not in her handwriting. She knows she did not personally sign the form, and her signature must have been forged. She subsequently engaged three questioned documents examiners to examine her purported signature using accepted methods of document and handwriting examination. All three examiners opined, in writing, that the signature purporting to be Donna's on the Plan Selection was not in her

handwriting. Donna knows that she had not given a power of attorney to anyone and that she did not otherwise give anyone permission to sign the Selection Form on her behalf.

17. Donna then retained legal counsel to assist her in appealing ERS's decision through the administrative process. She ultimately brought an appeal to the State Office of Administrative Hearings (SOAH). The SOAH hearing officer granted ERS's motion to dismiss without an evidentiary hearing. Donna appealed to the 98th District Court in Travis County, Texas, where that appeal is pending.[1] There is no further state remedy.

18. Because the signature purporting to be hers bore a notary's seal and signature, Donna sought to examine the notary's records required to be maintained under Texas Government Code §§ 406.014 & 406.022. Donna sent a letter to Rita Monk, the notary whose signature and seal are on the Selection Form, requesting true copies of her notary records. Ms. Monk responded that she retired from TDPS in 2010 and left all of the records and paperwork with the TDPS office. Donna then inquired of the Harris County Clerk, with whom the statute requires notarial

---

[1] Under Local Rule 5.2, Donna Hilton notifies the court that appeal has been pending since September 2015 in the 98th District Court, Travis County, Texas, Docket # D-1-GN-15-002919. At the time of this complaint there is no hearing or trial date set.

**Plaintiff's Original Complaint and Jury Demand**　　　　　　　　　　Page 9 of 16

records to be deposited upon vacancy of the notary's office. The County Clerk responded that his office did not have any of Ms. Monk's notarial records. TDPS responded to an open records request stating they did not have the Ms. Monk's notary records.

19. Donna then made another inquiry of Rita Monk regarding her procedure and practice and performing duties as a notary when she worked at the TDPS office in Harris County. Ms. Monk stated she was a notary public and employed by the TDPS during 1998. She averred Defendant Petty asked that she become a notary for administrative purposes in the TDPS office. As far as her procedure for notarizing a document, the first time she was asked to notarize a document, she asked that person to show their ID, but was told, "We don't need to do that here at TDPS." Acting on that instruction, she never asked to see an ID again. In most instances where she notarized a document, the document had already been signed by someone before she notarized it. Petty told her to "just notarize the document." In all instances where she notarized a document with the signature already completed prior to her receiving the document, the document had been brought by someone wearing a TDPS uniform or they had a badge showing on their belt. A lot of times, TDPS narcotics personnel would bring in sworn statements with a signature already

on the document and she would notarize their forms. She would not have notarized any documents for anyone who did not work at TDPS. Ms. Monk knew that she was supposed to make an entry in her notary book regarding each document/instrument she notarized. Ms. Monk did not deal with retirement paperwork as a general rule. Most of the documents she notarized were criminal statements, but she avers she could have notarized a retirement document.

20.  Ms. Monk was not acquainted with Gary Hilton in any capacity as best she can recall. She was not acquainted with Donna Hilton in any capacity as best she can recall. She does not specifically recall notarizing the Plan Selection.

## Donna Hilton's Claims Against the Defendants

21.  The United States Constitution, Fourteenth Amendment, Section 1, provides that "…nor shall any State deprive any person of life, liberty, or property, without due process of law…." The Texas Constitution, Article 1, Section 19, provides "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, … except by the due course of the law of the land." The Texas Constitution, Article 16, Section 15, and Title I of the Texas Family Code establish and recognize the community property rights of married couples. Texas case law holds that retirement and pension plans are community property of both

**Plaintiff's Original Complaint and Jury Demand**                             Page 11 of 16

spouses. The Congress of the United States has enacted Title 42 United States Code § 1983 provides

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

### Substantive Due Process Claims

22.   The director and employees of the TDPS acted contrary to their statutory and regulatory duties, or failed to act under those duties imposed by statute and regulation, and acted under custom and usage contrary to such laws and regulations, to deprive plaintiff Donna Hilton of her community property rights established by the Texas Constitution and the laws of the state of Texas.

23.   The wrongful and unconstitutional deprivation of Donna Hilton's marital property rights was caused by the flagrant disregard and active contravention of the law and regulations regarding the requirements of performance of the duties of notaries public. Defendants Petty and Richardson failed to inform and properly supervise their employee Rita Monk in her actions as a notary public when she notarized various instruments and documents for their agency. Defendants Petty

and Richardson furthermore actively ordered Ms. Monk to violate the law and regulations by ordering her to notarize documents outside the presence of the person signing and acknowledging, swearing, or affirming to the contents of such documents or instruments.[2] Defendants Petty and Richardson, and other persons presently unknown, ordered Ms. Monk to commit criminal acts by falsifying an official document that resulted in depriving Donna of her property rights.

24.     A result of those wrongful acts by Defendants Petty and Richardson, and others, condoned implicitly by the director and other management officials of TDPS, a fraudulent document was created representing that Donna had consented to a distribution of property in a retirement annuity she would not have consented to. Defendants Petty and Richardson's ongoing conscious indifference and willful disregard of the statutes governing the performance of notarial duties that were designed to protect against precise harm caused here, deprived Donna of her property rights, created by the Texas Constitution, The Texas Family Code, and common law, and protected by the 14th Amendment of the United States Constitution. That deprivation continues.

---

[2] See Texas Civil Practice and Remedies Code §§ 121.005 & 121.005.

**Plaintiff's Original Complaint and Jury Demand**                       Page 13 of 16

## Procedural Due Process Claims

25.     Donna attempted to obtain a redress of her grievance through the administrative procedure established by the Texas Legislature to no avail. There is no adequate remedy provided to protect persons similarly situated as her against the kind of fraud perpetrated upon her, and she has been deprived of a remedy through due process guaranteed to her by the United States Constitution and due course of the law of the land guaranteed to her by the Texas Constitution.

26.     Donna's private interests were affected by the official action that left her without a remedy for being deprived of her property in her husband's retirement plan. There is no meaningful process or method to remedy the wrongful act whereby a forged document was presented to ERS for it to act upon in a manner that would deprive her of her property rights.

## Remedies

27.     Donna Hilton seeks the following remedies:

   a. A money judgment against Defendants Petty and Richardson individually for an amount to be determined at trial for her loss of property prior to judgment, plus applicable interest;

   b. Prospective equitable relief of an injunction or order requiring the TDPS

to implement procedures that require proper performance of the legal duties of notaries employed;

    c. Declaratory relief against the Director of the TDPS that ordering, condoning, or authorizing a notary public employed by TDPS to take jurats or acknowledgments without ascertaining the identity of the persons signing, offering, or acknowledging instruments, and not keeping and maintaining records in accordance with state law is a violation of due process to the persons adversely affected, and is *ultra vires* of their offices;

    d. In addition, or in the alternative, prospective equitable relief against the Director of the Employee Retirement System of Texas, ordering him to pay to Donna an amount equal to what she would have received under the Plan Selection option annuity she would have consented to;

    e. Payment of Donna's reasonable and necessary attorneys' fees for investigation and prosecution of this suit, under 42 U.S.C. § 1988, and costs of suit.

## Jury Demand

28.     Plaintiff demands a trial by jury on issues so triable.

## Prayer

29.     Premises considered, Donna Hilton prays that summonses be issued and

served upon all Defendants to this suit, and that upon final trial, she have judgment against the Defendants for the remedies stated in the preceding paragraph. Donna further pleads for general and equitable relief.

        Respectfully submitted,

_____
Robert J. Reagan
State Bar. No. 16630980
Grace H. Sundberg
State Bar No. 24093230
REAGAN McLAIN & HATCH, LLP
6060 North Central Expressway, Suite 690
Dallas, Texas 75206
(214) 691-6622
(214) 691-2984 (FAX)
bob@reaganmclain.com (Email)

**Attorneys for Plaintiff Donna K. Hilton**